UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MARCIA SPAHR,

                Plaintiff,

v.                                                                  5: 07-CV-0884
                                                                   (NAM/GHL)

COMMISSIONER OF SOCIAL SECURITY, et al.,

                Defendants.
_____

APPEARANCES:

Marcia Spahr
Plaintiff *pro se*
431 E. Prospect Terrace
Freeport, Illinois 61032-5662

GEORGE H. LOWE, United States Magistrate Judge

## REPORT AND RECOMMENDATION

On August 24, 2007, Plaintiff filed her Complaint (Dkt. No. 1), moved for leave to proceed *in forma pauperis* (Dkt. No. 2), and requested the appointment of counsel (Dkt. No. 4).

Plaintiff's Complaint consisted of a one-page form, an eight-page handwritten complaint, a handwritten note, and copies of two prescriptions. The form is the standard form complaint used to appeal adverse decisions by the Commissioner of Social Security. However, Plaintiff did not attach a copy of the Action of the Appeals Council as required by the form. The first page and a half of the handwritten complaint alleged, reasonably straightforwardly, that Plaintiff was deemed eligible for Social Security Disability Insurance Benefits in 1989 but that her benefits have been either reduced or terminated. The remaining pages of the handwritten complaint alleged a "huge set-up over heat", a "phone set-up from the Afri-American Phone Co.", the

failure to deliver mail properly, and that President Clinton's "relatives were shot outside the Freeport City Hall Bldg."  The letter stated that Plaintiff's neighbors have 'set her up on gas' and that the neighbors' children "put trash in my yard (Italians or Iranians)".  Plaintiff requested back payments from Social Security, $20 million each for various bodily organs, and $50 million for "curio shop money".

On September 25, 2007, I issued an order directing that if Plaintiff did not amend her complaint within thirty (30) days of the date of the order, (1) Plaintiff's Complaint (Dkt. No. 1) would be *sua sponte* **STRICKEN** from the docket for failure to state a claim under Rule 12(b)(6), and for failure to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure; (2) Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) would be **DENIED AS MOOT**; and (3) Plaintiff's motion to appoint counsel (Dkt. No. 4) would be **DENIED AS MOOT**.

More than 30 days have passed since the Order was issued.  Plaintiff has not amended her complaint.  Accordingly, it is hereby

**RECOMMENDED**, that (1) this case be **DISMISSED** for failure to comply with the Court's September 25, 2007, Order; (2) Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) be **DENIED AS MOOT**; and (3) Plaintiff's motion to appoint counsel (Dkt. No. 4) be **DENIED AS MOOT**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v.*

*Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(e).

Dated: November 26, 2007
      Syracuse, New York

                                      George H. Lowe
                                      United States Magistrate Judge